# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1766
_____

United States of America

*Plaintiff - Appellee*

v.

Gonzalo Ponce-Hurtado

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: November 10, 2014
Filed: November 20, 2014
[Unpublished]

_____

Before BYE, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Gonzalo Ponce-Hurtado pled guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court[1]

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

sentenced Ponce-Hurtado to 210 months imprisonment. Ponce-Hurtado appeals, arguing the district court erred in the calculation of his Sentencing Guidelines range. We affirm.

From January 2012 to May 2012, a confidential informant and an undercover police officer purchased methamphetamine from Marceleno Pacheco-Huizar a total of six times. In May 2012, Pacheco-Huizar arranged a meeting between the undercover officer and his "boss," Ponce-Hurtado. At the meeting, which involved Ponce-Hurtado, Pacheco-Huizar, and two other co-conspirators, Ponce-Hurtado asked the undercover officer to transport nine pounds of methamphetamine from Pennsylvania to Arkansas. The four co-conspirators present at the meeting inspected the undercover officer's vehicle to determine whether it was capable of making the trip to and from Pennsylvania. Three days after this meeting, the undercover officer met with Pacheco-Huizar and one other co-conspirator and declined the opportunity to travel to Pennsylvania. The undercover officer was then put on the phone with Ponce-Hurtado who told the officer that there would be other opportunities to transport methamphetamine from closer destinations. Following this encounter, the undercover officer made six more methamphetamine purchases from Pacheco-Huizar.

A grand jury returned a 17-count indictment against Ponce-Hurtado and other co-conspirators for conspiracy to distribute methamphetamine. After Ponce-Hurtado pled guilty, the United States Probation Office prepared a presentence report (PSR), recommending, as relevant, that Ponce-Hurtado be held accountable for 5.49 kilograms of methamphetamine mixture and that he receive a four-level upward adjustment for being an organizer or leader. See United States Sentencing Commission, Guidelines Manual, § 2D1.1(c)(2) (setting a base offense level of 36 for at least 5 kilograms of methamphetamine mixture); § 3B1.1(a) (increasing base offense level by 4 levels where defendant was an organizer or leader of a criminal activity that involved 5 or more participants).

On appeal, Ponce-Hurtado argues that the district court failed to make adequate factual findings in support of the drug quantity attributed to him for sentencing purposes. Federal Rule of Criminal Procedure 32 requires the district court "for any disputed portion of the presentence report or other controverted matter—[to] rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). We review a district court's drug quantity determination for clear error. United States v. Young, 689 F.3d 941, 945 (8th Cir. 2012), cert. denied, 133 S. Ct. 902 (2013).

At sentencing, Ponce-Hurtado objected to the PSR's attribution of 5.49 kilograms of methamphetamine mixture to him. Ponce-Hurtado admitted to being responsible for 4.87 kilograms of methamphetamine mixture, which included the quantity the undercover officer would have brought back from Pennsylvania as well as the quantity of drugs one of the co-conspirators sold to the undercover officer from September 2012 to November 2012. He denied, however, being the source of the drugs that a co-conspirator supplied the undercover officer from January 2012 to June 2012, and thus objected to the PSR's inclusion of those drug quantities in determining his base offense level.

The district court heard testimony from a narcotics officer concerning Pacheco-Huizar's sale of methamphetamine to the undercover officer. According to the officer's testimony, Pacheco-Huizar admitted to receiving the methamphetamine he sold in 2012 to the undercover officer and the confidential informant from another co-conspirator, but he only made the sales after Ponce-Hurtado had given permission for the transactions to take place. After hearing the testimony at sentencing, the district court held, because those drug sales were in furtherance of the conspiracy to which Ponce-Hurtado pled guilty, the drug quantities could be included in determining the amount of methamphetamine attributable to him. Thus, the district court overruled Ponce-Hurtado's objection as to drug quantity and found he was responsible for at

least 5 kilograms of methamphetamine mixture. See United States v. Plancarte-Vazquez, 450 F.3d 848, 852 (8th Cir. 2006) (holding district court "may consider all transactions known or reasonably foreseeable to the defendant that were made in furtherance of the conspiracy" in determining drug quantity). The district court's finding that Ponce-Hurtado was responsible for at least 5 kilograms of methamphetamine mixture was a sufficient finding for purposes of Rule 32. See United States v. Allmon, 500 F.3d 800, 804-05 (8th Cir. 2007). In light of the record before the district court, there was no clear error in the court's drug quantity determination and its overruling of Ponce-Hurtado's objections to the drug quantity calculation. See United States v. Davis, 471 F.3d 938, 950 (8th Cir. 2006) ("The District Court satisfies Rule 32(i)(3)(B) if it makes a clear statement indicating it was relying on its impression of the testimony of the witnesses at trial, coupled with its specific rejection of the defendant's quantity objections." (internal quotation marks omitted)).

Ponce-Hurtado also objected to the PSR's four-level leader or organizer enhancement. He argued at sentencing that the evidence presented by the government did not show he served in a leader or organizer capacity; rather he merely relayed information and directions he received from others. The district court rejected Ponce-Hurtado's argument, finding he was not a credible witness and that the preponderance of the evidence showed that Ponce-Hurtado served as an organizer or leader.

We review for clear error the factual findings underlying a district court's imposition of an enhancement for a defendant's role in the offense, United States v. Johnson, 619 F.3d 910, 921 (8th Cir. 2010), and we broadly construe the terms "organizer" and "leader," as set out in section 3B1.1, United States v. De Oliveira, 623 F.3d 593, 599 (8th Cir. 2010). To determine whether a person is an organizer or leader of a criminal activity, the court should consider a number of "factors," including "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a

larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." USSG § 3B1.1, comment. (n.4).

The district court found Ponce-Hurtado's testimony was not credible and determined he qualified for the enhancement in light of his activities in managing the criminal enterprise. For instance, the undercover officer was told to contact one of the other co-conspirators who would relay to Ponce-Hurtado the undercover officer's decision of whether to transport the methamphetamine. Also, co-conspirator Pacheco-Huizar claimed that he only sold drugs to the confidential informant and the undercover officer after Ponce-Hurtado, who Pacheco-Huizar referred to as "boss," had given permission for those sales to occur. Considering these factual findings under the clearly erroneous standard of review, we find no reason to disturb the district court's determination that Ponce-Hurtado qualified for the four-level organizer or leader enhancement.

Accordingly, we affirm the sentence.

_____